UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERNEST JACKSON                                    CIVIL ACTION

VERSUS                                            NUMBER 07-937-JJB-SCR

FRANCISCO MALDONADO, JR.,
ET AL.

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 22, 2008.

                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERNEST JACKSON

VERSUS

FRANCISCO MALDONADO, JR.,
ET AL.

CIVIL ACTION

NUMBER 07-937-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is a Motion to Remand filed by plaintiff Ernest Jackson. Record document number 8. The motion is not opposed.[1]

This case arises out of a car accident that occurred on LA Hwy 76 in West Baton Rouge Parish, Louisiana. On or about March 6, 2007, defendant Francisco Maldonado, Jr. was operating a truck owned by defendant Swift Transportation Co., Inc. and collided with the plaintiff's vehicle while attempting to change lanes. Plaintiff filed this action in state court against the defendants asserting that he had suffered "severe" back and neck injuries[2] from the accident which resulted in the following damages:

    A.   Physical pain and suffering - past, present, and future;

    B.   Mental pain, anguish and distress - past, present,

---

[1] Plaintiff filed this motion on April 9, 2008. The time for the defendants to file a response or opposition under Local Rule 7.5M has expired.

[2] Record document number 1, Petition for Damages (filed with the Notice of Removal), § 10.


and future;

C. Medical expenses - past, present, and future;

D. Lost wages - past, present, and future;

E. Loss of enjoyment of life - past present and future; and

F. Any and all other damages which shall be proven at [the] trial of this matter.[3]

Defendants removed the action based on diversity jurisdiction under 28 U.S.C. § 1332(a).[4] Defendants alleged the complete diversity of the parties.[5] Defendants also asserted that the plaintiff's petition alleged damages in excess of the required jurisdictional amount of $75,000.00.[6]

Plaintiff moved to remand on the ground that his claims alleged in the state court petition do not satisfy the jurisdictional amount required under § 1332(a). Plaintiff asserted that it is not facially apparent from the allegations of the petition that his damages are in excess of $75,000.00 and the defendants failed to show by a preponderance of the evidence that the jurisdictional amount can be satisfied.

---

[3] *Id.,* § 11.

[4] *Id.,* Notice of Removal, ¶ 2.

[5] *Id.,* ¶¶ 3 and 4.  In the Notice of Removal, the defendants alleged that defendant Swift Transportation Co., Inc. is a Nevada corporation with its principal place of business in Phoenix, Arizona, defendant Francisco Maldonado, Jr. is domiciled in Texas, and the plaintiff is domiciled in Louisiana.

[6] *Id.,* ¶ 5.

**Applicable Law**

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995). Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages,[7] the Fifth Circuit has established a framework for resolving disputes over the amount in controversy, for actions removed based on diversity jurisdiction from Louisiana state courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. *Id.*; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002).

---

[7] At the time the plaintiff filed his state court petition, LSA-C.C.P. art. 893(A)(1) stated, in relevant part, "that if a specific amount of damages is necessary to establish....the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required." Plaintiff's state court petition did not allege that the amount of damages he sought was less than that needed to support jurisdiction under § 1332. However, for purposes of this recommendation, this fact is not determinative.

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia(ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

## **Analysis**

It is not facially apparent from the allegations in the plaintiff's petition that the value of his claims exceeds $75,000.00 exclusive of interest and costs. Although the plaintiff

4

alleged that he sustained "severe" neck and back injuries as a result of the collision, the Petition for Damages is devoid of any facts describing the injuries with any particularity, e.g. whether surgery was required or the prognosis for his recovery. Without any facts or information about the nature and extent of injuries and losses sustained by the plaintiff, it would be pure speculation to conclude that the jurisdictional amount is satisfied by the allegations in his petition.

Defendants did not oppose the plaintiff's motion and thus failed to provide any evidence, arguments, or case law to establish that the plaintiff's injuries could be valued in excess of $75,000.00.

## Recommendation

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Ernest Jackson be granted.

Baton Rouge, Louisiana, May 22, 2008.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE